**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Dennis Wade LEE and Edward John
Matchus, Defendants-Appellees.**

**No. 75–3890.**

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1976.

John E. Clark, U. S. Atty., Wayne F. Speck, Ronald P. Guyer, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellant.

Robert F. Freeman (Court-appointed), Midland, Tex., for Matchus.

Leonard Howell, Midland, Tex., for Lee.

Before GOLDBERG, SIMPSON and GEE, Circuit Judges.

PER CURIAM:

The government appeals from the grant of a motion to suppress a pistol and marijuana seized without a search warrant from the pickup of appellees. Jurisdiction to hear this government appeal is found in 18 U.S.C. § 3731, ¶ 2. *United States v. Soriano*, 482 F.2d 469 (5th Cir. 1973), *rev'd on other grounds*, 497 F.2d 147 (5th Cir. 1974) (en banc).

Two park rangers, Duncan and Howarth, were surveilling an area of the Big Bend National Park known as Smugglers' Crossing. The rangers were stationed approximately two miles apart but were in communication via a walkie-talkie radio. Officer Howarth observed a vehicle coming from the border area and by way of a radio signal alerted Officer Duncan. The two agents attempted to follow the vehicle but lost sight of it for approximately five to ten minutes. They located the vehicle at a campsite approximately 300 feet from the Rio Grande River and approached the defendants to inquire if they had recently come from the river. Lee and Matchus answered in the affirmative, and the rangers then searched their pickup truck without their consent and, finding a substantial

amount of marijuana and a pistol, arrested the appellees.

■ At the pretrial suppression hearing, the search having been warrantless the government had the burden of showing that probable cause and exigent circumstances supported it and the ensuing arrest of the appellees. Officer Howarth was not available, and when Officer Duncan attempted to explain the circumstances creating probable cause based on the observations made by Howarth and later related to Duncan, the court excluded all such information as merely hearsay. The government now appeals this ruling, relying on *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), in which the Court held that rules of evidence governing criminal trials were not applicable at pretrial suppression hearings, and relying on Federal Rules of Evidence, Rule 104(a) and Rule 1101(d)(1).

■ The trial court distinguished this case from *United States v. Matlock* on the facts. In that case the hearsay was substantially corroborated, and the third party was available for cross examination. But we are convinced that the principle of the *Matlock* ruling applies with equal force to the case before us. *See United States v. Ransom*, 515 F.2d 885, 890 (5th Cir. 1975). Despite the factual differences, it is still true that the exclusionary law of evidence, "the child of the jury system," need not be applied in limine where hearing is before a judge, not a jury. The judge should be empowered to hear any relevant evidence, such as affidavits or other reliable hearsay.

*See* McCormick on Evidence § 53, p. 122 n.91 (2d ed. 1972). Rule 104(a), which governs evidence at a suppression hearing, was only proposed at the time of the *Matlock* decision but is now a part of the new Federal Rules of Evidence, effective July 1, 1975:

(a) *Questions of admissibility generally.* Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.

Rule 104(a) leaves no doubt that hearsay evidence is admissible in a suppression hearing to determine probable cause.[1]

■ We therefore hold that the trial court erroneously excluded Officer Duncan's testimony as to what activity Officer Howarth told him he observed at the border that led to the surveillance and subsequent search of appellees' pickup. The offered testimony appears to have contained the kind of information this court relies upon to determine valid border searches, *see Walker v. United States*, 404 F.2d 900 (5th Cir. 1968), and to be equally probative of the government's alternative argument that probable cause and exigent circumstances existed to justify this warrantless search.[2] We reverse and remand for the trial court to determine these issues by considering all the relevant evidence regarding the search of appellees' pickup.

REVERSED and REMANDED.

1. See also Rule 1101(d)(1):

(d) *Rules inapplicable.* The rules (other than with respect to privileges) do not apply in the following situations:

(1) *Preliminary questions of fact.* The determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under rule 104.

2. According to the government, had the court allowed Officer Duncan to testify, he would have related substantially the following:

Park Ranger George Howarth established his surveillance on foot at Smugglers' Crossing. Jim Duncan was at another point approximately two miles away. At approximately 9:30 P.M. Howarth noticed a gold colored pickup truck with a white tool box in the back approach the dirt road and turn off to Smugglers' Crossing. He could hear voices and he observed two lights approximately 50 to 100 yards apart. One set of lights appeared to be on the Texas side of the Rio Grande River and the other set on the Mexican side. Approximately 45 minutes later the vehicle drove out of the Smugglers' Crossing area and headed in a westerly direction on Route 9, and toward the Santa Elena Canyon Campground, located approximately 3 miles west of Smugglers' Crossing.