**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Marcia Ann KILLEBREW,**
**Defendant-Appellant.**

No. 78–5233.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 1, 1978.

Decided March 29, 1979.

Rehearing Denied April 16, 1979.

Paul L. Decocq, Howell, Mich. (Court-appointed), for defendant-appellant.

James K. Robinson, U. S. Atty., Harold A. Johnson, Jr., Asst. U. S. Atty., Flint, Mich., Jay E. Brant, Detroit, Mich., for plaintiff-appellee.

Before WEICK and LIVELY, Circuit Judges and PECK, Senior Circuit Judge.

WEICK, Circuit Judge.

Appellant Killebrew has appealed from her conviction by a jury in the District Court on a superseding indictment charging her and Edward McDaniels of possession with intent to distribute heroin, in violation of Title 21 U.S.C. § 841(a)(1), and also charging Killebrew with aiding and abetting, in violation of Title 18 U.S.C. § 2(a). She was sentenced to three years imprisonment, to be followed by a special parole term of three years. McDaniels entered a plea of guilty.

Prior to the trial Killebrew had filed a motion to suppress evidence of heroin seized from McDaniels when they were both arrested, alleging that the arresting officers did not have probable cause to arrest them. The District Court conducted an evidentiary hearing and adopted findings of fact and conclusions of law, and held that probable cause to make the arrests existed, and denied the motion to suppress.

Killebrew contends on appeal that the Court erred in denying her motion to suppress and in admitting hearsay evidence, and contends that there was insufficient evidence to support her conviction. We disagree, and affirm.

The evidence offered at the suppression hearing, as well as that offered at the trial, revealed that Killebrew and McDaniels were at the Detroit Metropolitan Airport, and they purchased tickets under the names of Mr. and Mrs. McDaniels, to fly to Los Angeles. Prior to boarding for the flight, they were required to submit to a security check at the airport, during which time Killebrew's hand bag was opened, and large sums of money estimated at about $50,000, were observed by a Metropolitan Airport police officer. This information was given by the officer to a Federal Drug Enforcement Agent (DEA), who alerted Los Angeles police of the anticipated arrival of the couple.

The police, along with the DEA, were present when the couple arrived at Los Angeles airport. The couple rented a car and drove to a Howard Johnson Motel

where they registered. The police set up a surveillance team, and with the consent of the Motel management, they obtained a room adjoining the room of the couple. Later, Willie Harris, who had an extensive criminal record and a recent arrest for possession of heroin, was seen entering the room of the couple. Later, Killebrew met with Harris and accompanied him a short distance to a private residence.

During the two days' stay of the couple at the Motel the surveillance team overheard a number of drug related conversations coming from their room.[1] After the couple checked out of the Motel the team, again with the approval of the Motel management, searched the couple's room and found pieces of paper in the waste paper basket which contained traces which field tested for "opiates of heroin."

The couple checked into another Motel near the airport and purchased tickets at the airport for a return flight via Chicago to Grand Rapids, the tickets being purchased in the name of Cooper. The Los Angeles police notified a DEA agent in Detroit of the surveillance and of the departure plans of the couple. This information was relayed to the DEA agent in Grand Rapids, who later advised the Detroit agent that the couple had not arrived in Grand Rapids, but had changed their route to Flint, Michigan. The Detroit DEA agent then called Flint police and requested that they arrest the couple.

When the couple arrived at Flint, Michigan, they were observed entering a waiting automobile with two other persons, and were followed by the police. When their auto suddenly made a U-turn in the road they were arrested. A pat down search of McDaniels disclosed two packets of heroin hidden in his sock.

The District Judge in his findings of fact and conclusions of law denying the motion to suppress, stated:

The possession of a large sum of cash by defendant Killebrew, the association in Los Angeles, California with a known Narcotics felon, a positive "narco-band" field test in defendants' motel room in Los Angeles, California, the use of an alias name on defendants' return flight and the last minute change of flights in Chicago, Illinois were sufficient facts and circumstances to establish probable cause for the lawful arrest of defendants Killebrew and McDaniels.

In our opinion these findings of fact are supported by substantial evidence and are not clearly erroneous. The conclusions of law are correct.

Killebrew complains that incompetent hearsay evidence was introduced at the suppression hearing. The rules of evidence governing criminal trials, however, are not applicable to pretrial suppression hearings. *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).

In a suppression hearing to determine probable cause hearsay evidence is admissible. Fed.R.Evid. 104(a); *United States v. Lee*, 541 F.2d 1145 (5th Cir. 1976). *See also* Fed.R.Crim.P. 4(b).

Killebrew was not the victim of an unlawful search. She had no standing to assert the Fourth Amendment rights of McDaniel, who was the victim of the search. *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); *United States v. Hunter*, 550 F.2d 1066 (6th Cir. 1977).

At the trial ample evidence, which was not hearsay, was offered to support the judgment of conversion. Probable cause to make the arrest may be determined from the collective knowledge of the police. *United States v. McManus*, 560 F.2d 747 (6th Cir. 1977), *cert. denied*, 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 798 (1978).

The involvement of Killebrew was much more than merely accompanying McDaniels and staying with him on the trip to Los Angeles and return to Flint. She carried with her a hand bag containing large sums of money, stacked in four piles. She was in the room in the Howard Johnson Motel when and where the conversations relating

---

1. The voices overheard in the room included that of a woman.

to illicit drugs were overheard by the police and the DEA agent. In that room, which was searched by the police after the couple checked out, there was found in the waste basket paper which contained traces which field tested for heroin. Killebrew left the room with Harris, who had a criminal record including an arrest for narcotic violations. She used assumed names on two different occasions. The jury had the right to draw inferences from the facts and circumstances shown. The evidence must be viewed in its most favorable light to the Government. *Glasser v. United States*, 315 U.S. 60, 62, S.Ct. 457, 86 L.Ed. 680 (1942), *rehearing denied*, 315 U.S. 827, 62 S.Ct. 637, 86 L.Ed. 1222; *United States v. Conti*, 339 F.2d 10 (6th Cir. 1964).

In our opinion the District Court did not err in the admission of evidence. The arrest of Killebrew was based upon probable cause. The verdict of the jury was supported by sufficient evidence.

The judgment of conviction is affirmed.