816 F.2d 683
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lenette BIRDSONG, Defendant-Appellant.
 No. 86-5925.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1987.
 
 Before LIVELY, Chief Judge, BOGGS, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendant appeals her conviction entered on a "best interest plea of guilty" to one count of theft of controlled substances from the pharmacy in a veterans Administration medical center where she worked. The plea agreement came after the district court had denied the defendant's motion to suppress evidence taken from her at the time of her arrest. The defendant was given a suspended sentence on the one count to which she pled guilty and placed on probation for five years with special conditions. The other two counts were dismissed.
 
 
 2
 The defendant was employed in the out-patient pharmacy at a time when out-patients complained of shortages in prescribed medications mailed to them from the medical center. Because the defendant had been seen in the vault area of the pharmacy where controlled substances were stored and had been on duty at the times the prescriptions with shortages were mailed, suspicion was soon focused on her. The security people set up a situation in which drugs would be located where the defendant would have access to them on her next duty shift. Some of the tablets in a "dummy" package were marked so that they could be readily identified. A pharmacist who was on duty when the prearranged bait package was put in place went to dinner on the evening of January 9, 1986 and when he returned he found the pharmacy vault unlocked and the packages set up for mail-out disturbed. He checked the dummy mail-out prescription and found that it was short 15 tablets of Percocet. The pharmacist called his supervisor and reported the shortage. The supervisor telephoned and reported the missing tablets to Sergeant Jollay, a VA police officer, who turned the phone over to the chief of VA police for the information to be repeated. The chief, the sergeant who had received the information and three other officers went to the pharmacy, requested the defendant to accompany them to the officer of the VA police and there placed the defendant under arrest when she declined to make any statements. Prior to leaving the pharmacy the defendant picked up her purse which was on the counter and took it with her. The substance which she was charged with possessing in count three, to which she pled guilty, was found in her purse.
 
 
 3
 On appeal the defendant argues that the government failed to establish probable cause for her arrest and therefore the search of her person and her purse was illegal, there being no separate probable cause or exigent circumstances to justify the search.
 
 
 4
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal this court concludes that the district court did not err in denying the motion to suppress evidence taken from the purse. Probable cause exists if officers have knowledge at the time of the arrest of information that would be sufficient to warrant a reasonable person to believe that a crime has been committed. It is based on the totality of the circumstances known to the arresting officer or officers at the time the arrest is actually made. The defendant seeks to show a lack of probable cause by separating the information known to each of the participating officers and concluding that the chief of police who ordered the arrest did not have sufficient information himself to establish probable cause. However, the court properly looked to the collective knowledge of the police in determining whether there was probable cause rather than segregating the items of information within the knowledge of each of the officers. United States v. Killebrew, 594 F.2d 1103, 1105 (6th Cir.), cert. denied, 442 U.S. 933 (1979); United States v. McManus, 560 F.2d 747, 750 (6th Cir. 1977), cert. denied, 434 U.S. 1047 (1978). When the collective knowledge of the officers is examined it is clear that there was more than a mere suspicion that the defendant was the pharmacy employee who was engaged in stealing from the out-going prescriptions. Probable cause did exist to arrest the defendant.
 
 
 5
 Since the police had probable cause to make the arrest, they were entitled to conduct a warrantless search incident to that arrest. Chimel v. California, 395 U.S. 752, 763 (1969). Under all the circumstances of this case we believe the defendant's purse was within the range of a permissible search incident to an arrest. Although it is not clear that this argument was made in the district court, the defendant now argues that the police had taken possession of her purse prior to the search and that search of the purse could not be justified as an incident to the arrest, thus requiring either a warrant or exigent circumstances which were not present. The record does not support this argument, as it shows that the defendant had possession of the purse when she and the arresting officers arrived at the office where the actual arrest took place.
 
 
 6
 The judgment of the district court is affirmed.