756 P.2d 1204

**STATE of New Mexico,
Plaintiff–Appellee,**

**v.**

**Augustine Daniel ROYBAL,
Defendant–Appellant.**

**No. 9905.**

Court of Appeals of New Mexico.

April 28, 1988.

Certiorari Denied June 1, 1988.

Hal Stratton, Atty. Gen., William Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

OPINION

APODACA, Judge.

Defendant appeals his conviction for embezzlement over $100.00, after a bench trial. He raises one issue on appeal. Another issue listed in the docketing statement but not briefed is deemed abandoned. *See*

*State v. Fish,* 102 N.M. 775, 701 P.2d 374 (Ct.App.1985). We affirm.

In October 1985, a customer entered a bicycle shop co-owned by Daniel Boone (Boone) and expressed interest in purchasing a mountain bike. Because of prior bicycle losses, Boone required a photo identification card from anyone taking a bicycle for a test ride. The customer handed Boone an identification card. Boone compared the physical description and photograph on the card with the customer. Seeing that they matched, he kept the card and allowed the customer to take the bicycle for a ride. The customer failed to return.

The next day, Boone notified the police of the loss and gave them information from the identification card. Boone later selected defendant's photograph from a photo array as the person who took the bicycle. At trial, he positively identified defendant as the offender.

Charles Ervin (Ervin), the other co-owner of the bicycle shop, had seen defendant's identification card and testified that defendant had previously come into the shop. Ervin was also asked on direct examination about a telephone call he received before trial. Defendant objected on foundational grounds because Ervin could not identify the voice he heard on the telephone as defendant's. The objection was sustained.

Defendant testified on his own behalf. He denied ever having been in the bicycle shop or having made the telephone call to Ervin. He explained that he lost his identification card eleven months earlier. He testified the loss of his identification card was never reported to the police and he never sought a replacement. He also stated that his mother was Adela Armijo whose address was 436 Salazar, S.E. Defendant presented the testimony of his girlfriend and her sister, who both corroborated his testimony concerning the loss of his identification card.

On rebuttal, the state made an offer of proof, presenting Ervin's testimony to the effect that a person who identified himself as Augustine Roybal called the bicycle shop. The caller said he was in jail and had been framed on the embezzlement

charge. He offered to pay for the bike and left his mother's telephone number, 247–2721, together with instructions to call her so she could take care of payment. The caller asked if Ervin would agree to this proposal. Then the caller apologized and said he was sorry he took the bicycle.

To establish a foundation for these statements, the state called the investigating officer, Officer Klein, who testified that he went to the telephone company's security office to check on telephone number 247–2721. Over defendant's hearsay objection, the officer testified that, in his presence, a telephone company security officer "checked out the number" and found that at the time of the call, it had belonged to Abran Armijo at 436 Salazar Court, S.E. Based on this foundational evidence, the trial court accepted the state's offer of proof.

At the close of the evidence, the trial court entered its findings of fact and conclusions of law essentially determining that defendant was entrusted with a bicycle by Boone; the bicycle had a market value of over $100.00; defendant converted the bicycle to his own use; and defendant intended to deprive the owner of the bicycle. Based on these findings, the trial court found defendant guilty of embezzlement.

Defendant contends the trial court erred in admitting as evidence the telephone confession of defendant, when the only foundation for that confession was unsubstantiated hearsay.

■ At the outset, we note defendant was tried without a jury. In a bench trial, the trial court is presumed to have disregarded improper evidence, and erroneous admission of evidence is not reversible error unless it appears the trial court must have relied on it in reaching its decision. *City of Roswell v. Gallegos,* 77 N.M. 170, 420 P.2d 438 (1966); *In re Doe,* 89 N.M. 700, 556 P.2d 1176 (Ct.App.1976). We note also that the statements made in the telephone call were admissions and would therefore be admissible under SCRA 1986, 11–801(D)(2)(a) if it was established the caller was defendant. Thus, the specific

issue before us is whether the trial court could properly consider Officer Klein's hearsay testimony concerning the telephone company records in determining whether the caller was defendant. We believe the trial court could properly consider both the testimony of Officer Klein and the telephone confession.

Preliminary questions on the admissibility of evidence are determined by the trial judge. SCRA 1986, 11–104(A). In this determination, the judge is not bound by the rules of evidence, except those involving privileges and relevancy. *Id.* The identity of the caller was such a preliminary question. We hold the trial court properly considered Officer Klein's testimony, as well as the contents of the telephone call itself, in determining whether defendant was the caller.

This position finds support in *Bourjaily v. United States,* 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). In *Bourjaily,* the Supreme Court addressed a defendant's challenge to the admissibility of evidence under Federal Rule of Evidence 104. With respect to preliminary questions involving the admissibility of a co-conspirator's statement pursuant to Rule 11–801(D)(2)(e), the Court held that the trial court need be satisfied only by a preponderance of the evidence that such preliminary facts were established. The Court also held that Rule 104(a) authorizes consideration of hearsay in determining preliminary questions of admissibility and that the trial judge should receive the evidence and give it the weight his judgment and experience counsel. *Id.* In the present case, Officer Klein's testimony was a preliminary matter within the meaning of Rule 11–104(A).

■ Defendant next argues Officer Klein's hearsay testimony provided the sole foundation for the admission of defendant's "hearsay" confession, thus distinguishing this case from *Bourjaily. Bourjaily* did not decide whether the hearsay co-conspirator's statement could provide the sole basis for its own admission. *Id.* 107 S.Ct. at 2781–82. We simply note here, as did the Court in *Bourjaily,* that there was independent evidence tending to establish defend-

ant as the caller. Defendant testified his mother's last name was Armijo and that she resided at 436 Salazar, S.E. Further, the trial court could have properly considered the contents of the telephone call itself in determining the caller's identity. *Id.* at 2782. The caller provided facts of a personal nature, including defendant's mother's telephone number and the fact he was calling from jail. The identity of a party making a telephone call may be established by either direct or circumstantial evidence. *See State v. Danielson,* 37 Wash.App. 469, 681 P.2d 260 (1984). The caller's message itself during the telephone conversation may provide evidence of the caller's identity. *Id.* The trial court was entitled to consider Officer Klein's testimony on verification of the telephone number, the defendant's own testimony that his mother lived at the address shown by telephone company records and the specific content of the phone call to determine if it was more probable than not that the call was made by defendant.

■ Defendant also contends that even if the hearsay were otherwise admissible, its admission violated his right to confront witnesses against him. *See* U.S. Const. amend. VI; N.M. Const. art. II, § 14; *State v. Hensel,* 106 N.M. 8, 738 P.2d 126 (Ct. App.), *cert. denied,* — U.S. ——, 108 S.Ct. 358, 98 L.Ed.2d 383 (1987); *State v. Austin,* 104 N.M. 573, 725 P.2d 252 (Ct.App. 1985). We interpret this argument as meaning that the state should have called the telephone company records custodian as a witness. However, the right of confrontation extends only to the right to be confronted with witnesses against the accused. *State v. Barton,* 79 N.M. 70, 439 P.2d 719 (1968). The records were not used to show defendant was the one who embezzled the bicycle, but only to verify that the telephone number given by the caller was assigned to someone named Armijo. We conclude the evidence did not constitute a statement by an "accuser" within the constitutional guaranty of confrontation. *See id.* Besides, even if defendant's confrontation rights had been violated, there is no prejudicial error where

an unconfronted witness does not form a vital part of the state's case. *State v. Worley,* 100 N.M. 720, 676 P.2d 247 (1984). Because the state presented an eyewitness who otherwise directly implicated defendant, we conclude that use of the telephone records as part of the foundation for testimony concerning the telephone call was not vital to the state's case. Finally, we note that *Bourjaily* rejected any suggestion that admission of preliminary statements under Rule 104 violated defendant's right of confrontation.

Defendant cites *Austin* and *Hensel* in support of his argument that his confrontation rights were violated. These cases are distinguishable. In *Austin,* we reversed defendant's conviction for embezzlement where the only evidence against defendant was obtained from computer printouts. We said that "[t]he fact that the evidence may have been admissible under an exception to the hearsay rule does not necessarily satisfy defendant's constitutional right of confrontation." 104 N.M. at 574, 725 P.2d at 253. In this case, there was evidence against defendant other than the telephone company records, including a positive identification of defendant by Boone.

In *Hensel,* we reversed the conviction of one of two defendant brothers where the state used hearsay statements of defendants' mother to argue that police officers had consent to enter the house and seize incriminating evidence against defendants. The hearsay evidence was otherwise admissible under SCRA 1986, 11–1101(D)(1). We noted:

> Where important facts are to be determined by the factfinder and the burden of proof is on the state, it would be fundamentally unfair to allow the state to prove such facts on purely hearsay evidence, denying the accused the opportunity to cross-examine the declarant. *Cf. State v. Asbury,* 145 Ariz. 381, 701 P.2d 1189 (App.1984); *McLean v. State,* 482 A.2d 101 (Del.1984); *State v. Wilson,* 183 N.J.Super. 86, 443 A.2d 252 (1981);

*State v. Self,* 88 N.M. 37, 536 P.2d 1093 (Ct.App.1975).

106 N.M. at 10, 738 P.2d at 128.

Here, however, unlike *Hensel,* there was other evidence establishing the identity of the caller as defendant. Also, in contrast to the mother's consent to search in *Hensel,* which was a question central to the state's case, the telephone company's out-of-court declaration in the matter before us is collateral at best. As we noted in *Hensel,* a criminal defendant is not necessarily guaranteed the right to confront witnesses against him under all circumstances. *Id.* Trial courts have discretion to determine whether production of a witness is actually necessary in view of the other facts presented regarding admissibility. *See United States v. Lee,* 541 F.2d 1145 (5th Cir.1976). We hold the trial court did not abuse that discretion in concluding a representative of the telephone company was not a necessary witness. *See id.*

■ Finally, even if the testimony concerning the telephone call was improperly admitted, we still find no reversible error. Even where errors of constitutional dimension occur, reversal is not required where the error is harmless beyond a reasonable doubt. *See State v. Martinez,* 99 N.M. 48, 653 P.2d 879 (Ct.App.1982). Where the record contains other properly admitted and overwhelming evidence that independently establishes defendant's guilt, admission of the challenged evidence is harmless error. *See id.*

Defendant finally argues that the error cannot be considered harmless because there was substantial conflicting evidence to discredit the state's testimony. *See State v. Moore,* 94 N.M. 503, 612 P.2d 1314 (1980). He bases this argument on the theory that he presented a "colorable argument" that all subsequent identifications Boone made were based on the memory of the identification card rather than memory of the event. We will not consider any argument that it was error to admit the subsequent identifications, as defendant did not raise this issue in his docketing statement. *See State v. Hoxsie,* 101 N.M. 7, 677 P.2d 620 (1984). Also, defendant

does not point to any evidence to support his theory. Argument of counsel is not evidence to be considered by this court. *Beyale v. Arizona Pub. Serv. Co.*, 105 N.M. 112, 729 P.2d 1366 (Ct.App.1986). Insofar as defendant's argument relates to the credibility of the witnesses, it is for the trier of fact, and not this court, to judge that credibility. *State v. David*, 102 N.M. 138, 692 P.2d 524 (Ct.App.1984). We do not find substantial conflicting evidence discrediting the state's testimony.

Defendant was identified by Boone as the customer who took the bicycle. Boone testified that at the time he took defendant's identification card, he compared the photo and description on the card with the customer who was taking the bicycle. He later identified defendant from a photo array and then in court. Ervin further identified defendant as a customer who had previously expressed an interest in a bicycle. We hold that the properly admitted evidence supports defendant's conviction be-yond a reasonable doubt. *State v. Single-ton*, 102 N.M. 66, 691 P.2d 67 (Ct.App. 1984). The trial court's findings do not indicate the testimony regarding the telephone call must have been relied on to convict defendant. *See City of Roswell v. Gallegos; In re Doe.* Thus, even if admission of Ervin's testimony was error, it was harmless. SCRA 1986, 11–103(A). *See also State v. Martinez.*

Defendant's conviction is affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and FRUMAN, J., concur.