815 P.2d 1190

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Peter CALDERON, Defendant–Appellant.**

**No. 11748.**

Court of Appeals of New Mexico.

July 30, 1991.

Tom Udall, Atty. Gen., Katherine Zinn, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Peter Rames, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

CHAVEZ, Judge.

Defendant appeals his convictions of one count each of trafficking cocaine and conspiracy to traffic cocaine. He argues three errors on appeal: (1) the trial court improperly admitted evidence of out-of-court statements made by defendant's reputed accomplice; (2) there was insufficient evidence to support defendant's convictions; and (3) the trial court refused to disclose the identity of an informant, violating SCRA 1986, 11–510. Two other issues listed in defendant's docketing statement were not briefed or argued on appeal; thus we conclude they were abandoned. *See State v. Roybal,* 107 N.M. 309, 756 P.2d 1204 (Ct.App.1988). We reverse on issue (1) and remand for a new trial. We affirm on issue (2). In view of our reversal on issue (1), we need not reach issue (3), and need only say, concerning issue (3), that in the event of retrial, the court look at the issue in view of defendant's arguments of whether a hearing satisfies the requirement of Rule 11–510(C)(2) and the test articulated

in *State v. Robinson,* 89 N.M. 199, 549 P.2d 277 (1976).

## FACTS

The case originated with Detective Jackson of the Las Cruces Police Department, who received information from a confidential informant that tenants residing at an apartment were selling cocaine. The confidential informant identified defendant as one tenant and another person (named only as Tom) as the other. The police obtained a search warrant within twenty-four hours. The officers maintained surveillance of the apartment over the next several days, observed other people entering and leaving, but did not see defendant there. On the afternoon of August 23, 1988, defendant's car was observed arriving at the apartment, and the officers then decided to execute their five-day-old warrant. The officers found defendant and Thomas Anthony standing in the apartment's hallway. In a bedroom, the police found a small quantity of cocaine hidden under a mattress. On the bureau in that room, police found defendant's wallet. In the other bedroom, police found a cracker box in which was hidden a large baggie that contained several smaller baggies, each with a "rock" of what proved to be cocaine. Indictments, returned against defendant and Anthony, charged that the offenses took place "on or about August 23, 1988." At the time of defendant's trial, Anthony had fled the jurisdiction while out on bond and was unavailable to testify.

At issue in this case are Anthony's statements to the resident manager of the apartments, Ms. Casey. Ms. Casey was allowed to testify over defense objection that Anthony had told her that defendant would be his roommate. Ms. Casey also testified that she informed Anthony that when and if a roommate moved in, he would have to sign the lease. The lease agreement which was admitted into evidence contained only Anthony's signature as a lessee.

## ADMISSION OF ACCOMPLICE'S OUT-OF-COURT STATEMENTS

Defendant objects to the trial court's admission of the testimony of the

landlady, Ms. Casey, about the alleged co-conspirator statement offered to prove defendant was a co-tenant of the apartment. The alleged co-conspirator, Anthony, was unavailable at trial. Defendant based his objection at trial on three grounds. He argues that the statements were not made by the co-conspirator in the course of and in furtherance of the conspiracy. *See* SCRA 1986, 11–801(D)(2)(e). He also argues that the state did not prove a prima facie case of conspiracy apart from the out-of-court statements. *See State v. Zinn,* 106 N.M. 544, 746 P.2d 650 (1987). Finally, defendant argued that the trial court should have excluded the evidence pursuant to the parol evidence rule. We remand for a new trial on the first ground.

The question is whether the out-of-court statements were made in the course of and in furtherance of the conspiracy. The co-conspirator exception specifies that a statement amounts to an admission by a party opponent if that statement is offered against a party and is "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy." Rule 11–801(D)(2)(e). In this case, Ms. Casey was allowed to testify that Anthony stated that defendant would be Anthony's roommate.

Defendant argues that the statement made to Ms. Casey did not further the conspiracy. Several federal courts have set forth standards by which a court can determine whether a co-conspirator's statements are made in furtherance of a conspiracy. The Eighth Circuit Court of Appeals held that " 'the statements must somehow advance the objectives of the conspiracy, not merely inform the listener of the declarant's activities.' " *United States v. Mayberry,* 896 F.2d 1117, 1121 (8th Cir. 1990) (quoting *United States v. Snider,* 720 F.2d 985, 992 (8th Cir.1983), *cert. denied,* 465 U.S. 1107, 104 S.Ct. 1613, 80 L.Ed.2d 142 (1984)). The court also stated that "[c]asual comments are insufficient to bring the statements within the requirements." *Mayberry,* 896 F.2d at 1121.

The Seventh Circuit stated:

[S]tatements "in furtherance" of a conspiracy can take many forms, including statements made to recruit potential co-conspirators, statements seeking to control damage to an ongoing conspiracy, statements made to keep coconspirators advised as to the progress of the conspiracy, and statements made in an attempt to conceal the criminal objectives of the conspiracy. Narrative declarations, mere "idle chatter," and superfluous casual conversations, however, are not statements "in furtherance" of a conspiracy.

*United States v. Doerr,* 886 F.2d 944, 951 (7th Cir.1989) (citations omitted).

The Second Circuit stated that "[t]he requirement that the statements have been in furtherance of the conspiracy is designed both to assure their reliability and to be consistent with the presumption that the coconspirator would have authorized them." *United States v. Lieberman,* 637 F.2d 95, 103 (2d Cir.1980); *see also United States v. Reyes,* 798 F.2d 380, 384 (10th Cir.1986) (statement need not actually further the conspiracy if intended to promote the conspiratorial objectives). The trial court did not apply the test described in these cases. Although acknowledging that the defendant in *Trujillo v. Sullivan,* 815 F.2d 597 (10th Cir.1987) had failed to argue that the statement was not in furtherance of the conspiracy, the trial court read that decision as permitting admissibility in this case. The trial court stated several times that it did not believe that the statement itself advanced the conspiracy. However, the court read *Trujillo* to permit the admission of any statement tending to prove the existence of an ongoing conspiracy, regardless of whether the statement itself was in furtherance of the conspiracy. The trial court ruled: "The statement itself doesn't advance the conspiracy. It is merely evidence of something going on to advance the conspiracy. And I feel that since that's what was let in there [in *Trujillo* ], that is probably sufficient."

We conclude that the trial court's reading of *Trujillo* is unsupported by that opinion and is inconsistent with the plain

meaning of Rule 801(D)(2)(e) and the case law delimiting the admissibility of coconspirator statements. *See, e.g., United States v. Mayberry; United States v. Doerr.* To be admissible, such statements must be made "in furtherance" of an ongoing conspiracy. *See United States v. Doerr.* The question of what constitutes a statement "in furtherance" of a conspiracy is often a difficult one. *See generally* 4 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 801(d)(2)(E)[01] (1990). Because the trial court found that the statement did not advance the conspiracy, we reverse and remand for a new trial. Our review of the record indicates that the trial court could properly determine the statement did not advance the conspiracy. *See State v. Post,* 109 N.M. 177, 783 P.2d 487 (Ct.App.1989). Based on the record before us, we conclude that the trial court could properly reject the state's argument that the statement was made in furtherance of the conspiracy. On appeal the state has made arguments not presented to the trial court in support of its contention that the statement was made in furtherance of the conspiracy. Those arguments, however, are not so compelling that a trial court would have no choice but to find that the statement was in furtherance of the conspiracy. Therefore, we cannot adopt those arguments as grounds for affirming admissibility of the statement. Although the state contends that any error in the admission of the statement was harmless, the evidence of defendant's alleged involvement in the sale of drugs was not so overwhelming that the jury could not have been influenced by the hearsay. *See State v. Ross,* 88 N.M. 1, 536 P.2d 265 (Ct.App.1975). In the event of a new trial, it would be unfair to deny the state the opportunity to present additional arguments to the trial court. When the trial court had ruled in favor of the state in excluding the statement, the state had no obligation to continue to present additional reasons why the ruling was correct. Because the judge who tried this case is no longer on the bench, we need not consider whether it would be appropriate to remand for a rehearing on the admissibility of this statement based on the evidence presented at trial.

## SUFFICIENCY OF THE EVIDENCE

Our review of the evidence indicates that it was sufficient to sustain the conviction.

Reversed and remanded for a new trial consistent with this opinion.

IT IS SO ORDERED.

DONNELLY and HARTZ, JJ., concur.