This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      **No. 34,137**

**STEWART THOMPSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio J. Viscoli, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant, Stewart Thompson, appeals his conviction for driving while under the influence of an intoxicating liquor. We issued a notice of proposed summary disposition proposing to affirm on November 14, 2014. Defendant filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**DISCUSSION**

{2}     In his memorandum in opposition, Defendant continues to argue that the State failed to show that reasonable suspicion existed to expand his initial detention into a DWI investigation. [MIO 15-17] Specifically, Defendant argues that the evidence used to expand the stop into a DWI investigation was improperly based on the testimony of an out of court witness, Officer Swessel. [MIO 15]

{3}     The district court entered a memorandum opinion in Defendant's on-record appeal addressing this same issue. Specifically, the district court determined that reasonable suspicion for the DWI investigation was not based on the statements of an out of court witness, but on the personal observations of Sergeant Landavazo, who did testify at trial. [RP 111] Sergeant Landavazo testified that when he made contact with Defendant, he noticed that Defendant had bloodshot and watery eyes, an odor of alcohol, and slurred speech. Defendant also told Sergeant Landavazo that he had

consumed two beers. [MIO 9; RP 107]. In our notice of proposed summary disposition, we proposed to rely on the district court's analysis, and we invited Defendant to explain in his memorandum in opposition why the district court was incorrect. [RP 106-113; CN 2-3]

{4} In his memorandum in opposition, Defendant again asserts that the stop was expanded into a DWI investigation solely based on Officer Swessel's out of court statements, and does not address the district court's determination that the stop was not expanded into a DWI investigation until Sergeant Landavazo arrived and made contact with Defendant at which time he observed signs of intoxication. [MIO 15-17] Nothing in his memorandum in opposition persuades us that the district court incorrectly decided this issue. We therefore adopt those portions of the district court's opinion addressing this issue and reject this assertion of error.

{5} Defendant also continues to argue in his memorandum in opposition that the evidence used to justify the expansion of the stop into a DWI investigation was based on the statements of an out of court witness and therefore violated his right to confrontation.[MIO 17-20] Again, the district court's memorandum opinion addresses this same issue. In our notice of proposed summary disposition, we proposed to agree with the district court's analysis and its determination that Defendant's right to confrontation was not violated by the introduction of this evidence because Officer

3

Swessel's decision to call for a DWI officer was foundational and not testimonial. [RP 112-113] In his memorandum in opposition, Defendant argues that the statements were testimonial because the DWI investigation was initiated by Officer Swessel calling for a DWI unit over the police radio. [MIO 18] However, as we noted above, the stop was not expanded into a DWI investigation until Sergeant Landavazo arrived and made contact with Defendant. We therefore reject this argument.

{6}      However, even if introduction of this evidence implicated Defendant's Sixth Amendment right to confrontation, we believe that any error is harmless. *See State v. Ortega*, 2014-NMSC-017, ¶ 17, 327 P.3d 1076 (stating that Confrontation Clause violations are subject to harmless error review). In our notice of proposed summary disposition, we stated as an additional basis for rejecting this argument that the trial court ruled that Officer Swessel's statements were admissible only for the limited purpose of showing why Sergeant Landavazo did what he did next, but could not be used to establish Defendant's guilt. [DS 9] As the trial court specifically limited the purpose for which this evidence could be used and ruled that it could not be used to establish guilt, we do not believe that any error in the admission of this evidence contributed to Defendant's guilty verdict. *See State v. Roybal*, 1988-NMCA-040, ¶ 10, 107 N.M. 309, 756 P.2d 1204 ("In a bench trial, the trial court is presumed to have disregarded improper evidence, and erroneous admission of evidence is not reversible

error unless it appears the trial court must have relied on it in reaching its decision."); *see also State v. Tollardo*, 2012-NMSC-008, ¶ 42, 275 P.3d 110 (noting that the central inquiry in harmless error review is whether the improperly admitted evidence might have affected the verdict).

{7}     Defendant acknowledges that his claim is subject to harmless error analysis, and argues that, if he had been able to impeach Officer Swessel's statements, then he might have been able to show that there was no basis to expand the stop into a DWI investigation. [MIO 18-19] However, as discussed above, we adopt the district court's analysis and its conclusion that Defendant's detention did not expand into a DWI investigation until after Sergeant Landavazo arrived at the scene. We therefore disagree with Defendant's argument that impeachment of Officer Swessel's decision to call for a DWI officer would have impacted the verdict. *See Tollardo*, 2012-NMSC-008, ¶ 42 (noting that the central inquiry in harmless error is whether the improperly admitted evidence might have affected the verdict).

{8}     For these reasons, we affirm the metropolitan court's sentencing order.

{9}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**J. MILES HANISEE, Judge**