This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **No. 34,046**

**KEN D. VARGAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Ken D. Vargas (Defendant) appeals from the district court's judgment and sentence. This Court's calendar notice proposed to summarily affirm all of the issues raised. Defendant filed a memorandum in opposition to the proposed disposition and a motion to amend the docketing statement. Because we are not persuaded by Defendant's arguments, we deny the motion and affirm the district court.

{2}     Defendant continues to argue that the State's failure to disclose a key witness violated his due process rights. This Court's calendar notice indicated that it was unclear whether the witness's statement remained undisclosed until trial and if it was preserved, but proposed to conclude that Defendant failed to meet his burden of showing how he was prejudiced by the asserted non-disclosure under the factors in *State v. Ortega*, 2014-NMSC-017, ¶ 43, 327 P.3d 1076 (enumerating factors for determining whether the error is reversible when evidence is disclosed for the first time during trial). [CN 7]

{3}     Defendant has not shown prejudice warranting reversal. Defendant indicates that the witness's statement was disclosed by the State two weeks prior to trial and the failure to produce in a timely manner deprived Defendant of material evidence and resulted in the preclusion of a potential avenue of defense. [MIO 4] Although Defendant does not indicate how it was preserved, it appears from the transcript log in the record that Defendant raised an objection to the State's witness during trial. [RP

2

vol. 3, 559] It further appears that Defendant was notified of the witness, her name appeared on the State's witness list, the State had indicated it was not going to call her as a witness, but decided at trial to call her in its case in chief. [RP vol. 3, 560] Defendant asserts that the witness's testimony provided fundamental support for the defense theory that Defendant was attacked and was defending himself. [MIO 3] Given the witness's favorable testimony, we cannot discern how Defendant was prejudiced. Defendant contends he lost the opportunity to explore other avenues of defense, such as whether being choked could have interacted with his psychological issues. [MIO 3] However, "[a]n assertion of prejudice is not a showing of prejudice." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318. We therefore conclude that Defendant has not met his burden of demonstrating reversible error. *See State v. Fernandez*, 1994-NMCA- 056, ¶ 16, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error.").

{4}     Next, Defendant continues to argue that the State presented insufficient evidence of second degree murder because he was not the aggressor and there was evidence he was provoked. [MIO5-6] This Court's calendar notice set out the relevant evidence and proposed to conclude that insofar as there was any evidence Defendant was provoked, "[t]his [C]ourt does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support

3

the verdict." *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 (internal quotation marks and citation omitted). Defendant does not point out any error in the fact or law relied upon for our disposition, so we affirm. *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

{5}     Defendant continues to argue that the district court erred in admitting the testimony of the State's firearms expert pursuant to *State v. Franklin*, 1967-NMSC-151, ¶¶ 9-10, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. This Court's calendar notice proposed to affirm on the bases that the testimony was relevant, the defense had an opportunity to cross-examine the expert at trial, Defendant did not indicate whether a continuance was sought to secure more time, and the probative value of the evidence outweighed any prejudice resulting from the bifurcated opening statements. [CN 2-3] We conclude that there was no abuse of discretion in admitting the firearms expert's testimony. *See State v. Alberico*, 1993-NMSC-047, ¶ 58, 116 N.M. 156, 861 P.2d 192 ("[T]he admission of expert testimony or other scientific evidence is peculiarly within the sound discretion of the trial court and will not be reversed absent a showing of abuse of that discretion.").

**{6}** Insofar as Defendant argues that counsel was ineffective for waiving a mistrial on issues relating to the firearms expert, we disagree. As discussed above, Defendant failed to demonstrate prejudice. *See State v. Dylan J.*, 2009-NMCA-027, ¶ 37, 145 N.M.719, 204 P.3d 44 (holding that a defense is prejudiced as a result of deficient performance if "there was a reasonable probability that . . . the result of the trial would have been different" and that "mere evidentiary prejudice is not enough") (internal quotation marks and citation omitted). Nor do we agree with Defendant's assertion that remand to perfect the record comports with judicial economy. [MIO 11] "A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus." *State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776. The calendar notice proposed to conclude that Defendant failed to establish a prima facie case of ineffective assistance of counsel because it did not appear there was a factual record of how obtaining an expert to controvert the firearm's expert's testimony would have changed the outcome of the trial. [CN 4] Absent a prima facie case of ineffective assistance of counsel, Defendant's remedy is through habeas proceedings. *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has

expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

{7}     Defendant argues that the district court erred in admitting the black and white photos, which failed to show the key results of the test demonstrating the possible distance between the victim and the gun when it was fired because the color photographs were the best evidence. [MIO 12] The best evidence rule, Rule 11–1002 NMRA, states: "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a statute provides otherwise." Assuming the photographs come within the best evidence rule, Defendant does not claim that the photographs admitted were not the originals. *State v. Baca*, 1974-NMCA-022, ¶ 5, 86 N.M. 144, 520 P.2d 872. Nevertheless, defense counsel had an opportunity to cross-examine the expert to challenge the reliability of the photographs. Therefore, Defendant's challenge goes to the weight of the evidence, not its admissibility, and we find no abuse of discretion by the district court. *See State v. Copeland,* 1986-NMCA-083, ¶ 26, 105 N.M. 27, 727 P.2d 1342 (recognizing that any doubts concerning the connection of the evidence to issues in the case goes to weight of the evidence, and not to its admissibility), *superseded by constitutional amendment as stated in State v. Wagoner*, 2001-NMCA-014, 130 N.M. 274, 24 P.3d 306; *see also State v. Trujillo*, 1973-NMCA-012, ¶ 5, 84 N.M. 593, 506 P.2d 337 "(The question

of admissibility of photographs into evidence rests largely within the discretion of the trial court.").

{8} Further, even if the admission of the photographs was an abuse of discretion, we conclude that the error was harmless. *See State v. Roybal*, 1988-NMCA-040, ¶ 18, 107 N.M. 309, 312, 756 P.2d 1204 (holding admission of challenged evidence is harmless error where the record contains other properly admitted evidence that independently establishes guilt). There was other evidence supporting Defendant's conviction, including the testimony of eyewitnesses that Defendant fired a gun at the victim. Therefore, we conclude that there was no reversible error. *See State v. Baros,* 1974-NMCA-127, ¶ 6, 87 N.M. 49, 529 P.2d 275 (holding that the admission of a family photo was harmless error in light of the overwhelming evidence in support of the conviction).

{9} Defendant moves to amend the docketing statement to add the issue of whether the State's failure to disclose eighty-eight (88) photographs and a witness interview until during trial violated Defendant's right to due process. [MIO 14] A showing of good cause is required to allow a docketing statement amendment: "(1) the motion to amend must be timely, and (2) the motion must show the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal." *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91,

*overruled on other grounds State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. The issues sought to be amended must also be viable. *Id.* (defining viable as an "argument that was colorable, or arguable, and to distinguish arguments that are devoid of any merit"); *see also State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying the defendant's motion to amend the docketing statement when the argument offered in support thereof is not viable).

{10}    Defendant asserts that the photographs were of the cars in the parking lot and were relevant to bullet trajectory issues. The State argued that the best evidence had already been disclosed to the defense and the district court judge apparently ruled that the newly disclosed photographs did not change the facts of the case that had been presented. [MIO 15] Defendant's motion refers to a witness interview, but does not specify which witness or the substance of the testimony. [MIO1 14-15] Nevertheless, Defendant only argues that the State's failure to produce this evidence in a timely manner deprived the defense of material evidence and resulted in the preclusion of possible avenues of defense. [MIO 15] Defendant asserts that the facts of the case render it appropriate for disposition on the general calendar to determine whether the facts support reversal with remand for a new trial under *Ortega.* Because we conclude that Defendant has not demonstrated good cause under *Moore*, we deny the motion to amend the docketing statement.

{11} Last, Defendant argues there was cumulative error that deprived him of his right to a fair trial. [MIO 13] "The doctrine of cumulative error requires reversal when a series of lesser improprieties throughout a trial are found, in aggregate, to be so prejudicial that the Defendant was deprived of the constitutional right to a fair trial." *State v. Duffy*, 1998-NMSC-014, ¶ 29, 126 N.M. 132, 967 P.2d 807, *modified on other grounds by State v. Gallegos*, 2007-NMSC-007, ¶ 17, 141 N.M. 185, 152 P.3d 828. The cumulative error doctrine is strictly applied, and may not be successfully invoked if the record as a whole demonstrates that Defendant received a fair trial. *State v. Trujillo*, 2002-NMSC-005, ¶ 63, 131 N.M. 709, 42 P.3d 814. Having concluded that Defendant did not demonstrate error for any of the asserted issues, cumulative error is not applicable in this case. *See State v. Aragon*, 1999-NMCA-060, ¶ 19, 127 N.M. 393, 981 P.2d 1211 (stating that when there is no error, "there is no cumulative error").

{12} For all of these reasons, and those stated in this Court's calendar notice, we affirm.

{13} **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

9

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**LINDA M. VANZI, Judge**