166 P.3d 488 (2007)
2007-NMCA-104
STATE of New Mexico, Plaintiff-Appellant,
v.
Erica RIVERA, Defendant-Appellee.
No. 25,798.
Court of Appeals of New Mexico.
June 21, 2007.
Certiorari Granted August 8, 2007.
*490 Gary K. King, Attorney General Santa Fe, NM, for Appellant.
John Bigelow, Chief Public Defender, Santa Fe, NM, for Appellee.

OPINION
WECHSLER, Judge.
{1} The State of New Mexico appeals the district court's order dismissing the indictment for possession of a controlled substance with intent to distribute or, alternatively, possession of a controlled substance. The district court suppressed evidence that a package addressed to Defendant Erica Rivera had been opened and contained marijuana. We conclude that the State's evidence at the suppression hearing, which was largely double hearsay, was insufficient under State v. Hensel, 106 N.M. 8, 738 P.2d 126 (Ct.App. 1987), and therefore violated Defendant's right to confrontation. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
{2} On December 3, 2003, Defendant went to an Albuquerque bus station to pick up a package that was addressed to her. She claimed ownership, but then dropped the package and fled when she was notified by a companion that police were present. Defendant was arrested and charged with possession of marijuana. Defendant contests the facts leading up to her arrest and argues that the evidence should be suppressed because her Fourth Amendment rights were violated.
{3} The State presented only one witness at the hearing on Defendant's motion to suppress, Agent Gerald Perry of the United States Drug Enforcement Administration. Agent Perry testified that he received a telephone call at approximately 5:00 or 6:00 p.m. on December 2, 2003 from an employee of the El PasoLos Angeles Limousine Company, a bus company, informing him that a bus company employee in Denver had opened a package that had been sent to Albuquerque, but mistakenly delivered to Denver. A toolbox within the package contained what the caller believed, based on what the Denver employee told him, to be bundles of marijuana. The caller described the bundles to Agent Perry and also stated that Defendant, the addressee of the package, had called the Albuquerque bus station numerous times to inquire about the package, which she said contained jerky. The caller's office was in Los Angeles, but Agent Perry did not know where the caller was at the time of the call.
{4} Agent Perry testified that he believed, based on his experience, that the packaging of the bundles was consistent with packaging of marijuana. He told the caller, who said that he was going to call the Albuquerque bus station, to have the package wrapped back up and sent on the next bus from Denver to Albuquerque.
{5} Agent Perry testified that he and another agent were at the Albuquerque bus station when the package arrived. Agent Perry was in the station manager's office when the manager opened the package. Although he testified that he gave instructions to the manager to open the package, Agent Perry also testified that he did not know whether that was the reason the manager did open the package. He also testified that after the manager opened the package, Agent Perry might have sliced open one of the packages he believed to be marijuana.
{6} Defendant presented one witness, who testified about the bus company's policy that employees do not open packages. Defendant argued at the suppression hearing that this evidence was sufficient to rebut Agent Perry's hearsay testimony that the package was opened by bus company employees in Denver. Without direct testimony of who opened the package and what was seen, Defendant argued that her confrontation rights were violated.
{7} The district court granted Defendant's motion to suppress the package and evidence found in the package. As pertinent to this appeal, it found, from the bench, that there was state interaction and a seizure in Denver when Agent Perry directed that the package *491 be sent to Albuquerque, and that even if there was no seizure in Denver, there was a seizure in Albuquerque with the state control and opening of the package. It further found that there were "numerous confrontational issues" because the State did not identify the bus company employees in Los Angeles and Denver and did not provide evidence that they were confidential informants. The district court then granted Defendant's motion to dismiss the case.
{8} After the State filed its notice of appeal, the district court entered an order nunc pro tunc granting Defendant's motion to adopt Defendant's proposed findings of fact and conclusions of law concerning the suppression of the evidence. Although the order does not so state, we assume, as does the State, that it relates to Defendant's amended findings of fact and conclusions of law. Notwithstanding the district court's technical lack of jurisdiction to enter the order, we exercise our discretion to consider the order as part of the record in this appeal. See State v. Herbstman, 1999-NMCA-014, ¶ 14, 126 N.M. 683, 974 P.2d 177 (granting motion to supplement record with nunc pro tunc order entered by district court after filing of notice of appeal when the order did not take improper action based on the ability of an appellate court to remand to the district court for it to enter such an order). The district court's order nunc pro tunc substantively restated the court's oral ruling and added that the State did not meet its burden to show that the caller was reliable.
RIGHT TO CONFRONTATION
{9} Defendant argues that the State violated the Confrontation Clause by relying on the double hearsay testimony of Agent Perry in the suppression hearing. Because we conclude that the district court was correct that the State's actions violated the Confrontation Clause, we need not address Defendant's other arguments in support of the order dismissing the case. The State has not argued on appeal that it should have the opportunity to present additional evidence in a second suppression hearing, and we do not address that question.
{10} The Sixth Amendment to the United States Constitution provides that a defendant in a criminal prosecution has the right "to be confronted with the witnesses against him." The New Mexico Constitution likewise provides that a criminal defendant has the right "to be confronted with the witnesses against him." N.M. Const. art. II, § 14. The right to confrontation includes the right to cross-examine witnesses. State v. Setser, 1997-NMSC-004, ¶ 16, 122 N.M. 794, 932 P.2d 484. Admission of hearsay evidence may violate the Confrontation Clause because it prevents the defendant from cross-examining the declarant. See State v. Henderson, 2006-NMCA-059, ¶ 13, 139 N.M. 595, 136 P.3d 1005 (discussing admission of hearsay evidence and the Confrontation Clause). Whether a violation of the Confrontation Clause has taken place is a question of law, which we review de novo. State v. Gurule, 2004-NMCA-008, ¶ 15, 134 N.M. 804, 82 P.3d 975.
{11} The State argues that the question before the district court was whether Agent Perry reasonably relied on the statements given to him by the unidentified caller. We interpret this argument as an assertion that Agent Perry's testimony did not contain hearsay because the statements of the caller and the Denver station employees were not offered to prove the truth of the matter asserted, that is, whether the package was opened by private parties in Denver. See, e.g., State v. Stampley, 1999-NMSC-027, ¶ 39, 127 N.M. 426, 982 P.2d 477 ("Out-of-court statements that are not offered for the truth of the matter asserted do not fall within the definition of hearsay."); State v. Ruiz, 2007-NMCA-014, ¶ 36, 141 N.M. 53, 150 P.3d 1003 ("[A] statement offered merely to prove that it was made, and not to prove truth, is characterized as a `verbal act' that is admissible irrespective of any limitations on hearsay testimony."). Rather, the State contends, Agent Perry's testimony included the allegedly hearsay statements to prove the reasonableness of Agent Perry's actions. See Stampley, 1999-NMSC-027, ¶ 39, 127 N.M. 426, 982 P.2d 477 ("[S]tatements supporting the reasonableness of [police] conduct may be admissible if relevant to a fact of consequence and not offered to prove the truth of the matter asserted."). We disagree.
*492 {12} When the state seeks to justify a search on the basis that it was merely repeating a search previously undertaken by private parties without state involvement, the question is whether the prior search actually took place as alleged. If it did, the defendant lacked a reasonable expectation of privacy. United States v. Jacobsen, 466 U.S. 109, 119, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984) (holding that because "it hardly infringed respondents' privacy for the agents to reexamine the contents of the open package" after it had been opened by private parties, "[t]he agent's viewing of what a private party had freely made available for his inspection did not violate the Fourth Amendment"); see also State v. Murillo, 113 N.M. 186, 188, 824 P.2d 326, 328 (Ct.App.1991) ("The courts of New Mexico, like other jurisdictions, have accepted the long-standing rule that the protections of the Fourth Amendment do not apply to private individuals acting for their own purposes.") (footnote omitted). If not, the defendant's reasonable expectation of privacy remained intact and a subsequent search by law enforcement would not be reasonable unless a warrant was obtained or an exception to the warrant requirement was met. See State v. Monteleone, 2005-NMCA-129, ¶ 10, 138 N.M. 544, 123 P.3d 777 (concluding that a warrantless entry into a private area of a home was unreasonable unless an exception to the warrant requirement was met, despite the inadvertence of the entry, because the defendant had a reasonable expectation of privacy that was violated), cert. quashed, 2007-NMCERT-003, 141 N.M. 402, 156 P.3d 40.
{13} The State relies on State v. Contreras, 2003-NMCA-129, 134 N.M. 503, 79 P.3d 1111, for its argument that the ultimate question is "whether the `hearsay' information upon which Agent Perry acted was sufficiently reliable to make his actions reasonable." But Contreras addressed only whether officers had reasonable suspicion to stop a vehicle based on information given in an anonymous tip. Id. ¶ 21. Here, the question is not whether Agent Perry had reasonable suspicion to seize the package. We agree with the State that Agent Perry did have reasonable suspicion to seize the package. Rather, the question in this case is whether Agent Perry's search breached a reasonable expectation of privacy that Defendant had in the package. As we have stated, if the box had not actually been opened by private parties in Denver, Agent Perry's actions would have breached Defendant's reasonable expectation of privacy, necessitating either a warrant or a valid exception to the warrant requirement. See Monteleone, 2005-NMCA-129, ¶ 10, 138 N.M. 544, 123 P.3d 777.
{14} The State also argues that the Confrontation Clause operates only to allow Defendant the right to confront "accusers" and that the bus station employees who allegedly opened the package in Denver were not "accusers." In support of this proposition, the State cites State v. Barton, 79 N.M. 70, 439 P.2d 719 (1968), State v. Savage, 115 N.M. 250, 849 P.2d 1073 (Ct.App.1992), and State v. Roybal, 107 N.M. 309, 756 P.2d 1204 (Ct. App.1988). Barton and Savage held that the defendants in those cases had no right to cross-examine informants who did not testify at trial. Barton, 79 N.M. at 73-74, 439 P.2d at 722-23; Savage, 115 N.M. at 254, 849 P.2d at 1077. But neither case addressed the admission of out-of-court statements of informants. The other case on which the State relies, Roybal, was premised on the fact that the hearsay evidence in question was not used to prove an essential element of the case. Roybal, 107 N.M. at 311-12, 756 P.2d at 1206-07. Furthermore, Roybal found that even if error had occurred, it would have been harmless because of the eyewitness testimony implicating the defendant. Id. In this case, in contrast, the State presented no evidence other than the double hearsay testimony of Agent Perry on the key issue that would determine whether suppression of the evidence was necessary.
{15} Defendant argues that Hensel, 106 N.M. at 10-11, 738 P.2d at 128-29, should govern our analysis. In Hensel, the state sought to admit evidence obtained from the search of a ranch owned by the mother of the defendant. Id. at 8-9, 738 P.2d at 126-27. The defendant argued that the search was illegal because the police had searched the ranch without a warrant and without valid consent. Id. at 9, 738 P.2d at 127. At the suppression hearing, the state relied on an *493 officer's testimony that the defendant's mother had given consent to the search and had stated that the defendant lacked permission to be on the property. Id. The district court found valid consent and admitted the evidence. Id. We reversed. We stated that, while the rules of evidence do not apply to suppression hearings, the testimony of the officer as to the mother's statements was nonetheless inadmissible. Id. at 10, 738 P.2d at 128. The defendant had a right to cross-examine his mother about her authority to consent to a search, and the denial of that right necessitated reversal. Id. We stated that "[w]here important facts are to be determined by the factfinder and the burden of proof is on the state, it would be fundamentally unfair to allow the state to prove such facts on purely hearsay evidence, denying the accused the opportunity to cross-examine the declarant." Id.
{16} We see no reason to distinguish Hensel from the facts of this case. The question in Hensel, whether the mother had authority to consent to the search, was no more fundamental than the question in this case, whether the package was opened by private parties in Denver. We agree with Defendant that the State had the burden to show, by means of competent evidence, that the package was opened by private parties with no state action in Denver.
{17} Ordinarily, the defendant has the burden of showing a reasonable expectation of privacy that was breached by state action. See, e.g., State v. Ryan, 2006-NMCA-044, ¶ 19, 139 N.M. 354, 132 P.3d 1040; State v. Zamora, 2005-NMCA-039, ¶ 15, 137 N.M. 301, 110 P.3d 517, cert. quashed, 2005-NMCERT-012, 138 N.M. 773, 126 P.3d 1137; Murillo, 113 N.M. at 190-91, 824 P.2d at 330-31; see also 6 Wayne R. LaFave, Search and Seizure § 11.2(b), at 48 (4th ed. 2004) ("[T]he defendant has the burden of proving . . . a legitimate expectation of privacy. . . . The defendant also has the burden of proof as to whether there was sufficient government involvement in seemingly private conduct[.]") (internal quotation marks and citation omitted) (footnotes omitted). Because the question of whether the package was opened by private parties in Denver implicates the reasonableness of Defendant's expectation of privacy, it would typically be Defendant's burden to show that the package was not opened by private parties, or that the package had been opened with state involvement. See Jacobsen, 466 U.S. at 119, 104 S.Ct. 1652 ("[I]t hardly infringed respondents' privacy for the agents to reexamine the contents of the open package.").
{18} But we believe that in this case the burden shifted to the State when it refused to provide the names of the bus station employees who were involved. When the state "has unique access to the pertinent information," and the state has refused to share its access with the defendant, principles of fairness dictate that the burden be shifted to the state. State v. Pennington, 115 N.M. 372, 379, 851 P.2d 494, 501 (Ct. App.1993); see also Campbell v. United States, 365 U.S. 85, 96, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961) ("[T]he ordinary rule, based on considerations of fairness, does not place the burden upon a litigant of establishing facts peculiarly within the knowledge of his adversary."); cf. Boone v. Lightner, 319 U.S. 561, 570, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943) ("[A]ll evidence is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other side to have contradicted.") (internal quotation marks and citation omitted). In this case, Defendant requested that the State disclose the names of the employees who opened the package, and the State refused. With the State failing to share its access to the relevant information, it became the State's burden to show that a prior search by private parties with no state involvement had taken place. Because the State had the burden to prove this key issue in the suppression hearing, and because the only evidence presented was in the form of double hearsay, we conclude that the result in Hensel must also prevail in this case.
{19} We acknowledge that Hensel is an unusual case. Other jurisdictions have held that the Confrontation Clause has no effect in suppression hearings. E.g., People v. Felder, 129 P.3d 1072, 1073-74 (Colo.Ct. App.2005), cert. denied, (Mar. 20, 2006); Sheriff v. Witzenburg, 145 P.3d 1002, 1005 n. *494 15 (Nev.2006); State v. Woinarowicz, 2006 ND 179, ¶¶ 9-11, 720 N.W.2d 635, 640-41; Vanmeter v. State, 165 S.W.3d 68, 70-75 (Tex.App.2005); State v. Rhinehart, 2006 UT App 517, ¶¶ 12-14, 153 P.3d 830. But see, e.g., United States v. Hodge, 19 F.3d 51, 53 (D.C.Cir.1994) (stating that, while the rules of evidence do not apply to suppression hearings, defendants should generally have the right to cross-examine the government's witnesses). However, we believe that Hensel was rightly decided, and the State does not argue to the contrary. We are not bound by federal law in our interpretation, particularly "when federal law begins to encroach on the sanctity of [our state constitutional] guarantees." State v. Breit, 1996-NMSC-067, ¶ 25, 122 N.M. 655, 930 P.2d 792 (internal quotation marks and citation omitted); see Sundial Press v. City of Albuquerque, 114 N.M. 236, 239, 836 P.2d 1257, 1260 (Ct.App.1992) (stating that federal law may be persuasive if not in conflict with established New Mexico precedent and "of sound logic and based on policies compatible with the law of this state"); see also State v. McDuffie, 106 N.M. 120, 122, 739 P.2d 989, 991 (Ct.App.1987) (rejecting the federal rule that defendants have no right to be present at suppression hearings); State v. Phillips, 2006-NMCA-001, ¶¶ 11-12, 138 N.M. 730, 126 P.3d 546 (stating that, although the rules of evidence do not apply to probation revocation hearings, defendants retain their right to confront adverse witnesses), cert. quashed, 2006-NMCERT-009, 140 N.M. 543, 144 P.3d 102. We therefore conclude that Defendant's right to confrontation was violated by the State's presentation of double hearsay evidence on the key issue in the suppression hearing.
STATE ACTION
{20} In response to Defendant's Confrontation Clause arguments, the State argues that even if the package had not been opened by private parties in Denver, Agent Perry's actions would not have violated the Fourth Amendment because the package was opened in Albuquerque by a private party without state action. The State argues the Albuquerque station manager opened the package independently of Agent Perry. To the extent that the State raises a factual question, we must view the facts in the light most favorable to the district court's judgment. E.g., State v. Pablo R., 2006-NMCA-072, ¶ 9, 139 N.M. 744, 137 P.3d 1198. Agent Perry testified that he directed the Albuquerque station manager to open the package. The manager did so. Agent Perry's testimony that he did not know whether the manager opened the package because of his direction or for some other reason did not persuade the district court, and we must defer. See, e.g., State v. Lopez, 2005-NMSC-018, ¶ 9, 138 N.M. 9, 116 P.3d 80. We also disregard the later-filed affidavit of the station manager that he "did not open [the package at] any third party's direction." See, e.g., State v. Johnson, 2006-NMSC-049, ¶ 9, 140 N.M. 653, 146 P.3d 298 ("[A]ll reasonable inferences in support of the [district] court's decision will be indulged in, and all inferences or evidence to the contrary will be disregarded.") (alterations in original) (internal quotation marks and citation omitted).
{21} We look to the totality of circumstances. Murillo, 113 N.M. at 190, 824 P.2d at 330. The necessary governmental involvement has been described alternatively as the coercion, domination, or direction of the private persons conducting the search or seizure or the instigation, orchestration, or encouragement of the private action. United States v. Smythe, 84 F.3d 1240, 1242-43 (10th Cir. 1996). Agent Perry's description of his directing the Albuquerque station manager to open the package supports the conclusion that state action took place.
CONCLUSION
{22} Because Defendant's right to confrontation was violated, the district court's orders suppressing the evidence and dismissing the case are affirmed.
{23} IT IS SO ORDERED.
WE CONCUR: JONATHAN B. SUTIN, Chief Judge and MICHAEL D. BUSTAMANTE, Judge.