**Certiorari Granted, No. 31,656, May 5, 2009**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-049**

**Filing Date: March 16, 2009**

**Docket No. 25,798**

**STATE OF NEW MEXICO,**

        **Plaintiff-Appellant,**

**v.**

**ERICA RIVERA,**

        **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Navin H. Jayaram, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**WECHSLER, Judge.**

**{1}**     This case is before us on remand from the New Mexico Supreme Court.  In this

1

opinion, we address whether the State's warrantless search and seizure was reasonable. This inquiry requires findings on the factual question of whether there was state involvement in the original opening of the package in Denver. We reverse and remand this issue to the district court for further consideration. We analyze the remaining issues to assist the district court in its analysis if it finds that there was not state involvement in the original opening. If the district court so finds, then a private actor breached Defendant Erica Rivera's expectation of privacy, and the ensuing investigation of the package was reasonable.

{2}     Additionally, we reiterate that the Fourth Amendment is not violated when a private actor infringes on the privacy rights of another without state involvement. *See State v. Murillo*, 113 N.M. 186, 188, 824 P.2d 326, 328 (Ct. App. 1991). Therefore, the Denver station employee's invasion of Defendant's privacy does not implicate the Fourth Amendment. Further, although there was state involvement in the transfer of the package from Denver to Albuquerque and in the opening of the package in Albuquerque, the involvement was reasonable because the investigation did not exceed the scope of the original opening. In addressing this issue, we evaluate and adopt the private search doctrine laid out in *United States v. Jacobsen*, 466 U.S. 109, 122 (1984).

**BACKGROUND**

{3}     The facts are generated primarily by the testimony of Agent Gerald Perry of the United States Drug Enforcement Administration (DEA) at the hearing on the motion to dismiss. In December 2003, a package was shipped to Defendant in Albuquerque using the services of the El Paso-Los Angeles Limousine Express Company (Bus Company). The package was inadvertently rerouted to the Denver station. A woman who identified herself as Defendant called the Bus Company numerous times inquiring about the package, which she claimed contained beef jerky. Because of the number of calls made, a Denver station employee became suspicious and, against the Bus Company's policy, opened the package. The Denver station employee discovered a pillow, under which was a toolbox filled with bundles of what appeared to be marijuana. The Denver station employee called the Bus Company's Los Angeles office, which then contacted Agent Perry to inform him of the situation. Based on the description of the package and its contents, and based on his experience, Agent Perry believed that the packaging of the bundles was consistent with the packaging of marijuana. He instructed the caller to have the package rewrapped and sent on the next bus to Albuquerque. A Bus Company representative informed Defendant that the package would arrive at the Albuquerque station the next day.

{4}     The package arrived at the Albuquerque station shortly before closing that next day, where the manager of the station opened it in Agent Perry's presence, and Agent Perry confirmed that the packaging was consistent with marijuana. Defendant did not arrive until the following morning, whereupon she took physical possession of the package, before surrendering it moments later when a companion informed her that police were present. Defendant subsequently drove away from the bus station. Presumably, Agent Perry seized the package at that point, and another officer caught up to Defendant's vehicle and arrested

2

her.

**{5}**     The district court granted Defendant's motion to suppress the package and evidence found in the package.  It made findings from the bench, which it later adopted in an order nunc pro tunc adopting Defendant's findings of fact and conclusions of law, that there was state involvement and a seizure in Denver when Agent Perry directed that the package be sent to Albuquerque, and if there was no seizure in Denver, then one occurred in Albuquerque with Agent Perry's involvement in opening the package.  The district court did not make any findings on the question of whether there was state involvement in the original opening of the package by the Denver station employee.  The district court dismissed the case.

**{6}**     The State filed its notice of appeal, and this Court affirmed the district court's suppression of the package and evidence from the package on Confrontation Clause grounds. *State v. Rivera*, 2007-NMCA-104, ¶ 22, 142 N.M. 427, 166 P.3d 488, *rev'd*, 2008-NMSC-056, ¶ 1, 144 N.M. 836, 192 P.3d 1213.  The Supreme Court reversed and remanded, holding that the Confrontation Clause does not apply to pretrial hearings. *Rivera*, 2008-NMSC-056, ¶ 1.  We now reverse the district court's order, in which it concluded that an illegal seizure occurred when Agent Perry directed the Denver station employee to ship the package to Albuquerque and, if not then, when Agent Perry oversaw the package's opening in Albuquerque.  We remand on the question of whether there was state involvement in the original opening of the package in Denver.

**STANDARD OF REVIEW**

**{7}**     When a defendant raises a Fourth Amendment issue concerning a warrantless search or seizure, the state has the burden of proving its justification. *State v. Martinez*, 1997-NMCA-048, ¶ 9, 123 N.M. 405, 940 P.2d 1200.  We review the facts in the light most favorable to the prevailing party and defer to the district court's findings of fact when they are supported by substantial evidence. *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964.  We review the district court's application of the law to the facts de novo. *State v. Baca*, 2004-NMCA-049, ¶ 11, 135 N.M. 490, 90 P.3d 509.

**FOURTH AMENDMENT ISSUES**

**{8}**     The Fourth Amendment to the United States Constitution protects against unreasonable search and seizure.  U.S. Const. amend IV.  New Mexico recognizes the principle that the Fourth Amendment is not violated when a private actor infringes on the privacy rights of another without state involvement. *Murillo*, 113 N.M. at 188, 824 P.2d at 328 ("The courts of New Mexico, like other jurisdictions, have accepted the long-standing rule that the protections of the Fourth Amendment do not apply to private individuals acting for their own purposes." (footnote omitted)); *see also Jacobsen*, 466 U.S. at 113 (reiterating that the Fourth Amendment applies only to governmental action and not "to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of

the [g]overnment or with the participation or knowledge of any governmental official" (internal quotation marks and citation omitted)).

## A. The Original Opening in Denver

**{9}** We thus address the factual question of whether the Denver station employee opened the package without state involvement. "[W]hether a 'private' person is acting as an agent of the government is determined as a question of fact in light of all the circumstances." *Murillo*, 113 N.M. at 190, 824 P.2d at 330. We do not agree with the State that it is "undisputed" that the Denver station employee opened the package absent any state involvement. The district court did not make any such finding of fact, either orally or in the adopted findings of fact submitted by Defendant.

**{10}** Further, Defendant presented a rebuttal witness, criminal investigator Eileen Chavez for the State of New Mexico, who testified that she investigated the Bus Company's policies regarding customers' packages. She testified that, according to the manager of the Denver station, the Bus Company maintained a policy to "not open any packages" and further stated that "it would be a violation of their policy" to do so. This testimony implies that the Denver station employee would not have opened the package of his own accord, intimating possible state involvement.

**{11}** There are no findings of fact in the record on the question of whether there was state involvement in the original opening of the package. Therefore, we remand to the district court to make such findings upon the existing record or, in its discretion, to receive such additional evidence as appears relevant to resolve the question.

## B. The Transfer of the Package and the Opening of the Package in Albuquerque

**{12}** Assuming the Denver station employee opened the package without state involvement, we must determine if Agent Perry's actions, when he requested that the package be transferred to Albuquerque and oversaw the opening of the package in Albuquerque, were reasonable and, thus, not a violation of the Fourth Amendment. The State argues that the district court erred in finding state involvement because the Denver station employee breached Defendant's expectation of privacy. The State's argument rests on the "private search doctrine," which New Mexico has not previously adopted. *See State v. Cline*, 1998-NMCA-154, ¶ 20, 126 N.M. 77, 966 P.2d 785. This Court noted in *Cline* that the private search doctrine, as laid out in *Jacobsen*, "applies to searches conducted by private parties . . . which are then repeated by government agents." *Cline*, 1998-NMCA-154, ¶ 20. We further explained that the subsequent search would not be deemed a violation of a defendant's right against unreasonable search and seizure because the private actor had breached the defendant's expectation of privacy. *Id.* The facts in *Cline* did not require us to reach the question of whether New Mexico should adopt the doctrine. We do so now.

**{13}** In *Jacobsen*, a case with facts similar to the present one, employees of a private

4

freight carrier cut open a tube inside a damaged package and found plastic bags containing white powder. *Jacobsen*, 466 U.S. at 111. They repackaged the tube and notified federal agents, who opened the tube and the bags and took a sample for a field test. *Id.* at 111-12. Although the agents asserted dominion and control over the package and thereby seized it, the United States Supreme Court held that the seizure was not unreasonable because a privacy expectation in the privately opened package no longer existed. *Id.* at 120-21. Explaining its reasoning, the Court stated, "prior to the field test, respondents' privacy interest in the contents of the package had been largely compromised," which it deemed "highly relevant" in determining the reasonableness of the agents' actions. *Id.* at 121. The Court also stated that, after an individual's expectation of privacy has been breached by a private actor, the information conveyed by the private actor to a government authority may be used by the authority without violation of the Fourth Amendment. *Id.* at 117. In other words, "[o]nce frustration of the original expectation of privacy occurs," the information is deemed not private and is no longer protected by the Fourth Amendment. *Id.* We consider the Court's analysis to be sound and therefore adopt the conclusion that, if an individual's expectation of privacy is breached by a private actor, then subsequent investigation by the state is not an unreasonable search or seizure under the Fourth Amendment, so long as the subsequent investigation does not expand upon the scope of the original breach.

**{14}** In the present case, Agent Perry's actions were based upon his belief that the package had already been opened by the Denver station employee. As discussed above, the Denver station employee notified the Bus Company's Los Angeles office, which then contacted Agent Perry with information on a package with suspicious contents. The package was rewrapped and sent to Albuquerque per Agent Perry's instructions, and, once in Albuquerque, it was opened under Agent Perry's supervision. The facts are remarkably similar to those in *Jacobsen*, and, in following the reasoning established therein, we similarly hold that Agent Perry's search and seizure of the package was not unreasonable because a privacy expectation in the privately opened package no longer existed. *See id.* at 111-12. Just as in *Jacobsen*, Defendant's "privacy interest in the contents of the package had been largely compromised." *Id.* at 121. Thus, when Agent Perry opened the package and observed the same bundles previously described to him, his actions were within the scope of the privacy violation already perpetrated by the Denver station employee. Even if Agent Perry cut open one of the bundles in Albuquerque, as Defendant alleges, he did not unreasonably expand upon the original breach of Defendant's expectation of privacy. The knowledge Agent Perry gained from the Bus Company employee about the package, his experience with drugs and packaging of drugs, and his observations of the package and the bundles within would have supported his actions. Agent Perry's investigation did not unreasonably expand the private search and was therefore not a violation of the Fourth Amendment.

**CONCLUSION**

**{15}** We reverse the district court's findings that the search and seizure by Agent Perry was unreasonable both when he directed that the package be sent to Albuquerque and when

he participated in the opening of the package in Albuquerque.  We remand the case on the question of whether there was state involvement in the original opening of the package by the Denver station employee.

**{16}     IT IS SO ORDERED.**

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

**MICHAEL D. BUSTAMANTE, Judge**

**JONATHAN B. SUTIN, Judge**

**Topic Index for *State v. Rivera*, No. 25,798**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-RM | Remand |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-SZ | Search and Seizure |
| CA-WS | Warrantless Search |