This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                      **NO. 28,402**

**MARVIN SMITH,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Gary K. King, Attorney General
Andrea Sassa, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Corey J. Thompson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant Marvin Smith appeals from the district court's denial of his motion to suppress the evidence obtained pursuant to Deputy Dustin Parsons' stopping Defendant for driving while intoxicated. Defendant argues that Deputy Parsons did not have sufficient information from the individual who called dispatch or two additional witnesses to justify stopping Defendant and, therefore, violated his Fourth Amendment right against unreasonable search and seizure. However, the caller was a known and reliable concerned citizen who apparently witnessed Defendant's driving, the information from the caller was bolstered by the two additional witnesses, and the information was detailed enough for Deputy Parsons to identify the vehicle in question. Because of these factors combined with the exigency of the possible threat to public safety posed by a drunk driver, we hold that Deputy Parsons had a reasonable suspicion sufficient to make a brief, investigatory stop of Defendant's vehicle. Therefore, we affirm.

**BACKGROUND**

On May 13, 2007, Vicky Bedonie called dispatch to report that there were three men in Golden's convenience store, at least one of whom was fighting with her, and that they drove away from the store while "extremely intoxicated." Deputy Parsons responded to the "Attempt to Locate" dispatch (ATL), issued as a result of Ms.

Bedonie's call, by driving to the convenience store, arriving within minutes of the dispatch, and speaking with a clerk and a customer whose names and other identifying information are unknown. At the store, the clerk and customer informed Deputy Parsons that two men had entered the store and left intoxicated, driving a silver Ford Taurus. Deputy Parsons did not have information as to why the clerk, customer, and caller believed the men were intoxicated. Within minutes of this conversation, Deputy Parsons located the vehicle a mile or two from the store, traveling in the direction the clerk and customer had alleged. Without first observing any indication of erratic driving, Deputy Parsons stopped and investigated Defendant for driving while under the influence.

Defendant was charged with driving while under the influence of intoxicating liquor or drugs (fourth or subsequent offense), contrary to NMSA 1978, Section 66-8-102 (2008). Defendant filed a motion to suppress the evidence obtained pursuant to Deputy Parsons' stop, arguing that Deputy Parsons did not have reasonable suspicion to stop Defendant or, in the alternative, that Defendant had a right to confront his primary accuser, Ms. Bedonie. On December 6, 2007, the district court held a hearing and denied Defendant's motion to suppress, essentially finding that although Defendant was not "specifically individualized" by the information from the caller or

3

the clerk and customer in the store, the ATL and the information provided at the store from which the ATL originated, verified by Deputy Parsons, satisfied reasonable suspicion requirements. Defendant therefore entered a guilty plea, "conditioned on reservation of . . . appeal on [the] issue on validity of reasonable suspicion for contact." The court entered its judgment, accepting Defendant's guilty plea for driving under the influence of intoxicating liquor or drugs, a fourth degree felony. Defendant appeals.

**MOTION TO SUPPRESS**

Defendant argues that his rights under the Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution were violated because "Deputy Parsons did not possess facts sufficient to detain [Defendant] at the time of the seizure." A district court's denial of a motion to suppress is a mixed question of fact and law that we review de novo, determining "whether the law was correctly applied to the facts." *State v. Contreras*, 2003-NMCA-129, ¶ 4, 134 N.M. 503, 79 P.3d 1111. The facts in this case are not in dispute; therefore, we review only the legal conclusions of the district court. *See id.*

Defendant argues on appeal that the New Mexico Constitution offers more expansive protection against unreasonable search and seizure than the United States

Constitution. However, Defendant does not articulate how the state constitution has been or should be expanded in the present case, and this argument was not made below. Therefore, we address Defendant's argument under the Fourth Amendment. *See State v. Torres*, 2005-NMCA-070, ¶ 34, 137 N.M. 607, 113 P.3d 877 (reiterating that we do not address issues that are unsupported by argument and authority); *State v. Snell*, 2007-NMCA-113, ¶ 8, 142 N.M. 452, 166 P.3d 1106 (holding that the defendant failed to preserve his state constitutional claim by not expressing in the district court how the right had been interpreted more broadly than in the federal constitution).

In *Contreras*, this Court, citing federal and state law, laid out the applicable law under the Fourth Amendment regarding a defendant's rights when arrested for driving under the influence.

> A brief detention for investigatory purposes is a seizure entitled to Fourth Amendment protections. The Fourth Amendment requires that all seizures be reasonable. A police officer may, in appropriate circumstances approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest. The officer, looking at the totality of the circumstances, must be able to form a reasonable suspicion that the individual in question is engaged in or is about to be engaged in criminal activity. Reasonable suspicion must be based on specific articulable facts and the rational inferences that may be drawn from those facts. Reasonable suspicion is dependent on both the content of information possessed by the police and its degree of reliability. An anonymous tip, seldom reliable on its

5

own, must be suitably corroborated or exhibit sufficient indicia of reliability to provide the police reasonable suspicion to make an investigatory stop. Because the facts surrounding the anonymous tip and investigatory stop are viewed in light of the totality of the circumstances, a deficiency in one consideration can be compensated for by the strength in another consideration or by some indicia of reliability.

2003-NMCA-129, ¶ 5 (internal quotation marks and citations omitted).

In *Contreras*, "[p]ursuant to an anonymous call, police stopped and subsequently arrested [the d]efendant." *Id.* ¶ 2. The caller had described the defendant's vehicle and erratic driving. *Id.* Deputies on patrol found and stopped the vehicle, not waiting to observe any erratic driving before the stop. *Id.* After stopping the defendant, one of the deputies observed signs of intoxication, and the defendant failed his field sobriety tests. *Id.* The defendant refused to take a breath test and was subsequently charged with aggravated driving while under the influence. *Id.*

Similar to this case, the defendant in *Contreras* argued that "because the deputies observed no suspicious or criminal behavior prior to the stop," there was an illegal seizure, in violation of the Fourth Amendment. *Id.* ¶ 3. Also similar to this case, the defendant argued that his motion to suppress was governed by *Florida v. J.L.*, 529 U.S. 266, 272 (2000), which held that information about a defendant's appearance and location were not sufficient indicia of criminal activity. *Contreras*, 2003-NMCA-129, ¶¶ 3, 6. In *J.L.*, the United States Supreme Court reiterated that "an

anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity[;] . . . however, there are situations in which an anonymous tip, suitably corroborated, exhibits sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop." 529 U.S. at 270 (internal quotation marks and citations omitted). We responded to the defendant's argument in *Contreras* that his case was controlled by *J.L.* because the anonymous tip was uncorroborated by the police by reiterating that "there may be circumstances in which the danger alleged in an anonymous tip might be so great as to justify a search without a specific showing of reliability." *Contreras*, 2003-NMCA-129, ¶ 6.

We analyzed the tip in *Contreras* to determine whether it justified the stop. We first stated that the anonymous tip that identified "'a grey van towing a red Geo' . . . was sufficient for [the deputy] to easily find the vehicle that was the subject of the dispatch." *Id.* ¶ 9. We asserted that the tip was from "a motorist who described a specific vehicle and its 'erratic driving,' indicating that the caller was an eyewitness, and lending credibility to the anonymous claim." *Id.* ¶ 12. We concluded that the deputy could consider this factor in his evaluation of the totality of the circumstances. *Id.* We then balanced "the possible threat of drunk driving to the safety of the public with [the d]efendant's right to be free from unreasonable seizure" and stated that "it

7

is the imminent threat to public safety that distinguishes these [driving while under the influence] cases from *J.L.*" *Id.* ¶¶ 13-15. We therefore held that "under the totality of circumstances, [the deputy's] stop of [the d]efendant's vehicle was reasonable." *Id.* ¶ 21.

We find *Contreras* to be controlling. We note that at the suppression hearing, citing *State v. Rivera*, 2007-NMCA-104, 142 N.M. 427, 166 P.3d 488, *rev'd on other grounds*, 2008-NMSC-056, 144 N.M. 836, 192 P.3d 1213, Defendant argued that because *Contreras* dealt with an anonymous tip, it did not apply to the case at bar. The district court indicated agreement, prompting Defendant to instead argue the applicability of *J.L.* We do not read *Rivera* as limiting *Contreras* to cases only dealing with anonymous tips. Rather, in *Rivera*, this Court stated that *Contreras* did not apply because we were not addressing whether reasonable suspicion existed for a seizure. *Rivera*, 2007-NMCA-104, ¶ 13. This discussion in no way limited *Contreras* to cases only involving anonymous tips.

Indeed, *Contreras* is almost identical to the case at bar. In both cases, callers initially informed dispatch that they suspected a driver of driving while under the influence, and in both cases an officer easily identified the vehicle described based on the information provided. The only substantial difference is that in our case the caller

was identified and the officer verified the information received from dispatch with two eyewitnesses at the location from which the vehicle was seen leaving. In *Contreras*, we stated that tips are "more reliable if it is apparent that the informant observed the details personally" and held that "even though the caller was anonymous, there was no reason for [the deputy] to presume that the informant was not reliable or that the description given was not credible." 2003-NMCA-129, ¶ 12. In the present case, the caller was not anonymous and "observed the details personally." *Id.* As such, the fact that the caller was identified and the information was verified by additional eyewitnesses only strengthens the totality of circumstances that Deputy Parsons could consider. *See id.*

The caller was an identified concerned citizen and is deemed reliable because she witnessed the drunk driver and the subject vehicle. The information from the caller was verified and bolstered by two additional witnesses, and the information was detailed enough for Deputy Parsons to identify the vehicle in question. When we consider these factors together with "the exigency of the possible threat to public safety that a drunk driver poses," Deputy Parsons had a reasonable suspicion sufficient to make a brief, investigatory stop of Defendant's vehicle. *See id.* ¶ 21.

**CONFRONTATION CLAUSE**

9

Defendant alternatively argues that he "was denied his constitutional right to confront his accuser," Ms. Bedonie. The State responds that Defendant did not preserve this argument below, to which Defendant fails to respond. The State alternatively argues that the right to confrontation does not apply to a hearing for a motion to suppress. We agree with the State on both points. Defendant failed to preserve this argument below, and we generally do not consider issues not preserved. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked."). Moreover, our Supreme Court held that "the protections of the Confrontation Clause [do not] extend to a suppression hearing." *Rivera*, 2008-NMSC-056, ¶ 23.

**CONCLUSION**

Deputy Parsons had reasonable suspicion to stop Defendant for driving while intoxicated. Therefore, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

10

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

_____
**TIMOTHY L. GARCIA, Judge**